UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY HARGRAVE,

    Plaintiff,

v.                                                                  Case No. 24-11736

MGM GRAND DETROIT, *et al.*,                   Sean F. Cox
                                                                     United States District Court Judge
    Defendants.
_____/

# OPINION & ORDER

Acting *pro se*, Plaintiff filed this civil action asserting claims under the federal Americans with Disabilities Act ("ADA") against Defendants. This Court previously granted Plaintiff's application to proceed *in forma pauperis*. The matter is currently before the Court with respect to the Court's statutory screening function and a Motion to Dismiss filed by Defendants. The Court concludes that oral argument is not necessary. Local Rule 7.1. As explained below, the Court dismisses Plaintiff's ADA claims against the three individual Defendants with prejudice because there is no individual liability under the ADA. In addition, to the extent that Plaintiff's Complaint asserts an ADA claim against MGM Grand Detroit, that claim is dismissed without prejudice for failure to timely serve MGM Grand Detroit.

## BACKGROUND

Acting *pro se*, Plaintiff Mary Hargrave filed this civil action, along with an application to proceed *in forma paupris*.

1

Plaintiff's *pro se* complaint lists only "MGM Grand Detroit" in the caption of the complaint. (ECF No. 1 at PageID.1). The body of the complaint contains a section that is to identify each named defendant in the case. In that section, Plaintiff does not list MGM Grand Detroit ("MGM Grand") as a Defendant but she does list MGM Grand as a Defendant in another part of the body of the Complaint. (*Id.* at PageID.2-3 &4). In the section of the Complaint that lists the defendants, Plaintiff lists the following three individuals as the defendants in this action: 1) Sheila Mott; 2) Susannne Bennett; and 3) Kate Wiebusch. (*Id.*). Plaintiff identifies those individuals as employees of MGM Grand. (*Id*. at PageID.5)

Plaintiff filed suit in federal court based upon federal-question jurisdiction and her Complaint asserts that it is brought under the federal ADA. (*Id.* at PageID.4).

This Court granted Plaintiff's application to proceed *in forma pauperis*. On July 22, 2024, this Court issued an "Order Directing Plaintiff To Complete Service Documents And For Service Of Process By The U.S. Marshall," wherein the Court ordered as follows:

> The Court having considered and granted Plaintiff's *in forma pauperis* application and being otherwise fully informed;
> IT IS HEREBY ORDERED that Plaintiff complete and present to the Clerk's Office the following documents to effect service in this case within fourteen (14) days of the date of this Notice:
> • One (1) copy of the complaint for each defendant;
> • Two (2) USM 285 forms for each defendant;
> • Three (3) summonses for each defendant.
> IT IS FURTHER ORDERED that the Clerk is directed to process this case for service upon receipt of the properly completed documents listed above; and the U.S. Marshal is directed to serve a copy of the complaint, summons and this order upon each defendant named in the complaint without prepayment of the usual costs for such service.
> IT IS FURTHER ORDERED that Plaintiff file with the Court a signed U.S. Postal Service Certified Mail receipt – green card (PS Form 3811) after service is completed, to show proof of service of process.

(ECF No. 7).

Thereafter, Plaintiff provided the U.S. Marshall with documents regarding the three individual Defendants named in her Complaint – but not MGM Grand. (ECF No. 10). A summons was then issued for each of the three individual Defendants (but not MGM Grand). (*See* ECF No. 9).

On November 5, 2024, counsel filed a limited appearance on behalf of the three individuals and MGM Grand, for purpose of challenging service of process. (ECF No. 23). On that same date, November 5, 2024, Defendants filed a Motion to Dismiss. (ECF No. 24).

## ANALYSIS

**I.     The Court *Sua Sponte* Dismisses With Prejudice Plaintiff's ADA Claims Against The Three Individual Defendants (Mott, Wiebusch, and Bennett) Under This Court's Statutory Screening Function.**

As Plaintiff is proceeding *in forma pauperis*, her Complaint is subject to the screening requirements established by the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1914(e)(2)(B). Importantly, the PLRA's screening requirement applies equally to both prisoner and non-prisoner plaintiffs. *Baker v. Wayne Cnty. Fam. Indep. Agency*, 75 F. App'x 501, 502 (6th Cir. 2003. Under the PLRA, district courts must screen prisoner and non-prisoner *in forma pauperis* complaints and must *sua sponte* dismiss a complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff's Complaint alleges that she was formerly employed by MGM Grand and identifies the three individual Defendants as employees of MGM Grand. Plaintiff asserts claims against them under the ADA.

3

Having reviewed Plaintiff's Complaint pursuant to the Court's screening function, the Court concludes that Plaintiff's ADA claims against the three individual Defendants fail as a matter of law, and must therefore be dismissed, because there is no individual liability under the ADA. *See, e.g,, Carten v. Kent State Univ.*, 282 F.3d 391, 396097 (6th Cir. 2002); *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999). Accordingly, the Court **ORDERS** that Plaintiff's ADA claims against Defendants Mott, Wiebusch, and Bennett are **DISMISSED WITH PREJUDICE.**

**II.     To The Extent That Plaintiff Asserts An ADA Claim Against MGM Grand In Her Complaint, That Claim Is Dismissed Without Prejudice For Failure To Serve MGM Grand.**

In the motion filed on behalf of Defendants (ECF No. 24), they assert that any ADA claim that Plaintiff's Complaint seeks to assert against MGM Grand must be dismissed, under Fed. R. Civ. P. 12(b)(5), because no summons was issued for MGM Grand and MGM Grand was not served.

Plaintiff did not file a brief identified as a response to the pending Motion to Dismiss. But Plaintiff did file motions "to stop a dismissal," wherein she asks the Court not to dismiss her complaint. Plaintiff does not, however, address Defendants' legal argument about service.

Having reviewed the motions and responses, the Court **ORDERS** that, to the extent that Plaintiff's Complaint asserts an ADA claim against MGM Grand, that claim is **DISMISSED WITHOUT PREJUDICE for failure to effect timely service on MGM Grand.**

**IT IS FURTHER ORDERED**, that Plaintiff's motions seeking to stop a dismissal (ECF Nos. 29, 31, 34 & 36) are **DENIED.**

**IT IS SO ORDERED.**

Dated: February 6, 2025

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on February 6, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/Emily Vradenburg
Case Manager